## Case No. 14,489.

### UNITED STATES v. BABSON et al.

[1 Ware (450), 462.] [1]

District Court, D. Maine. June Term, 1838.

INFORMATION — CONCLUSION—RESISTING REVENUE OFFICER—SEVERAL OFFENCES.

1. In an action or information to recover a fine or penalty under a statute, the declaration must conclude against the form of the statute, or by words of equivalent import.
[Cited in Fish v. Manning, 31 Fed. 341.]

2. It is sufficient if the conclusion is contrary to the act of congress in such case made and provided.

3. The offence of resisting a revenue officer in the execution of his duty, under the act of March 23, 1823, c. 58 [3 Stat. 781], when several persons are concerned in it, is not joint. but the several offence of each individual; and there are as many penalties due as there are persons engaged.
[Cited in Re Ward, Case No. 17,144.]
[See Babson v. Thomaston Mut. Fire Ins. Co., Case No. 704.]

This was an information of debt filed by the district attorney to recover a penalty against the defendants for resisting a revenue officer. There were two counts in the information, one founded on the act of February 18, 1793 c. 8, § 31 [1 Stat. 316], for a penalty of 500 dollars; and the other on the act of March 3, 1823, c. 58, § 3, for a penalty of four hundred dollars. The verdict was for the plaintiffs. A motion was made to

---

1 [Reported by Hon. Ashur Ware, District Judge.]

set aside the verdict, because the plaintiffs had not averred in the information that the act was done against the form of the statute.

Mr. Howard, U. S. Dist. Atty.

Mr. Rand, for defendant.

WARE. District Judge. The authorities relied upon by the defendant's counsel in support of the motion are Cross v. U. S. [Case No. 3,434], and Sears v. U. S. [Id. 12,592]. In both those cases it is ruled in general terms that in an action of debt for a penalty on a statute, the declaration must conclude against the form of the statute or it will be bad on error. In both those cases the averments were in the same form "whereby and by force of said acts the defendant hath forfeited and become liable to the United States," &c. This was held to be insufficient, principally upon the authority of Lee v. Clarke, 2 East, 333. In that case it was decided that when an offence is created by statute and there is a suit for the penalty, in whatever form the suit may be brought, whether by indictment or by action, the act must be distinctly averred to be against the form of the statute. The reason given for this rule of pleading in its application to indictments by Mr. Justice Lawrence, is that every offence for which a party is indicted is supposed to be prosecuted as an offense at common law, unless the prosecutor by reference to a statute shows that he intends to rely upon it. If it is no offence at common law the court will not look into the acts of parliament to see whether it has been made so by statute, unless the prosecutor refers to the act. Where the action is founded on two statutes, the conclusion should be against the form of the statutes, and it is at least doubtful whether in this case statute in the singular is good. Chit. Pl. 358. Com. Dig. tit. "Action upon Statute." 12. But in the case in East the court does not go so far as to say this averment must of necessity be in that precise formula most usually employed, "against the form of the statute," and that no form of words of equivalent value can be substituted for them. On the contrary, after an examination of the authorities, Lord Ellenborough stated the result to be, that in all cases where an action is founded upon a statute it is necessary in some manner to show that the offence, against which you proceed, is an offence against the statute. In the present case the averment is that the act is against the peace and dignity of the United States, and contrary to the act of congress in such case made and provided. This is precisely equivalent to the common formula, against the form of the statute, and admonishes the defendants as explicitly that the action is founded upon a statute as any form of words can. It seems to me that it must be held to be sufficient under the strictest rules of pleading.

Another question has been raised at the bar, whether the offence in this case is joint or several, whether each of the defendants is liable severally to the whole penalty, and there are as many penalties due as there are offenders, or whether all are jointly liable for a single penalty. There may be cases undoubtedly in which, though several persons concur in the offence, they may be all liable to but a single penalty. As when under the game laws of England several persons were sued for killing a hare, and it was held that it was but a single offence, and but one penalty was due. Hardyman v. Whitaker, 2 East, 571, note; Bull. N. P. 189. See also Rex v. Bleasdale, 4 Term R. 809. An action was brought against three defendants for impounding a distress, and in three different pounds, contrary to the act of 1 & 2 Phil. & M., and a judgment was rendered against each for the entire penalty, but it was reversed on error because it was but one offence, and but one penalty was due. Partridge v. Naylor. Cro. Eliz. 480. When an offence is created by statute of such a nature that several persons may concur in committing it, sometimes it may be a matter of difficulty to determine whether each individual is severally liable for the entire penalty, or all are liable jointly but for one. When the penalty is imposed on the offence it is said that but one penalty is recoverable, how many soever may be concerned in its commission. But if the penalty is imposed on the offender then there are as many penalties due as there are persons who concur in committing it. Esp. Pen. Act., 68. The rule as laid down by Lord Mansfield (Cowp. 610) is that where an offence made penal by statute is in its nature single and cannot be severed, then the penalty shall be single, though several persons join in the commission; but where the offence is in its nature several, each offender is separately liable for the penalty. In that case the offence was identical with the present, resisting custom-house officers in the execution of their duty. A general verdict of guilty was brought in against all, and it was moved in arrest of judgment that the offence was one, and that one penalty only could be recovered. But the motion was overruled and judgment rendered for the penalty against each. The offence was several, and each individual guilty of his own separate acts.

But the language of the statute on which this information is founded leaves no doubt as to the legislative intention. The terms of the act of 1823, c. 58, § 3, are, "if any person shall forcibly resist, prevent, or impede any officer of the customs, &c., such person so offending shall for every such offence be fined a sum not exceeding four hundred dollars." The language of the act of February 18, 1793, is, if possible, still more explicit. There can be no doubt that each individual who concurs in resisting or impeding an officer of the customs in the execution of his duty is liable for the entire penalty.

The attorney took judgment upon the first count founded on the act of 1823. Judgment was rendered against the master for four hundred dollars, and against the others for five dollars each and costs.